IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02098-RMR-KAS

MICHELLE D. LEE,

      Plaintiff,

v.

COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING,
CHRISTINE NIERENZ,
PAULA BARRONS, HCPF, and
DAVID MARCY,

      Defendants.

_____

**RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the following Motions:

(1)     Plaintiff's Motion to Transfer Venue [#21];

(2)     Plaintiff's Petition for Court-Directed Service of Summons on Government Personnel/Entity and an Extension [#22] (the "Petition for Court-Directed Service and Extension");

(3)     Plaintiff's Motion for Preliminary Injunction [#35];

(4)     Plaintiff's Corrected Motion for Preliminary Injunction [#42];

(5)     Plaintiff's Motion for Status Conference Regarding Service, Pending Motion for Preliminary Injunction, Motion to Change Venue, and Motion for Default Judgment [#43] (the "Motion for Status Conference");

(6)     Defendants' Motion to Quash Service of Process [#45] (the "Motion to Quash");

(7)    Plaintiff's Motion to Strike and Disregard Defendants' Declarations as Inadmissible and Contrary to Court Records [#47] (the "Motion to Strike");

(8)    Plaintiff's Motion for Finding of Waiver of Service Defenses by Defendant Paula Barrons, or in the Alternative, Default Judgment and Denying Motion to Quash [#48] ("Motion for Waiver");

(9)    Plaintiff's Motion to Recast Claims as Equitable, to Exercise Equitable Jurisdiction, and for Equitable Relief for Violations of the United States Constitution and Applicable Statutes [#53] (the "Motion for Equitable Relief"); and

(10)    Plaintiff's Motion for Settlement Conference [#59].

Plaintiff proceeds in this matter as a pro se litigant.[1] Defendants have responded to the Motion to Strike [#47] and the Motion for Waiver [#48]. *See Response to Motion to Strike, Motion for Waiver* [#51]. Each of the Motions listed above has been referred to the undersigned for a recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *Orders Referring Motions* [#23, #46, #49, #55, #57]. The Court has reviewed the briefs, the entire case file, and the applicable law.

Based on the following, the Court **ORDERS** that Plaintiff's Motion to Transfer Venue [#21], Plaintiff's Petition for Court-Directed Service and Extension [#22], Plaintiff's Motion for Status Conference [#43], and Motion for Settlement Conference [#59] are **DENIED**.

---

[1] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

2

The Court **ORDERS** that Plaintiff's Motion for Preliminary Injunction [#35] is **DENIED** as moot and **RECOMMENDS** that Plaintiff's Corrected Motion for Preliminary Injunction [#42] be **DENIED**. The Court further **RECOMMENDS** that Defendants' Motion to Quash [#45] be **GRANTED**. The Court further **RECOMMENDS** that Plaintiff's Motion to Strike [#47], Plaintiff's Motion for Waiver [#48] be **DENIED**, and Plaintiff's Motion for Equitable Relief [#53] be **DENIED**.

## I.  Background

Plaintiff Michelle Lee is a resident of Colorado who formerly owned and operated a residential care services agency, which had its Medicaid provider status terminated by Defendant Colorado Department of Health Care Policy and Financing ("HCPF"). *Am. Compl.* [#7] at 5. Plaintiff alleges that her license was wrongfully terminated. *Id*. As a result, Plaintiff filed this lawsuit. *Compl.* [#1]. In her Amended Complaint [#7], Plaintiff alleges a wide variety of constitutional violations by Defendant HCPF, two HCPF officials (Paula Barrons and Christine Nierenz), and one official from the Colorado Department of Public Health and Environment ("CDPHE") (David Marcy).

Since filing her Amended Complaint [#7], Plaintiff has filed a variety of other motions seeking various forms of relief. *See generally Docket*. Defendants have not filed an answer to the Amended Complaint [#7], instead moving to quash service of process, *see Motion to Quash* [#45].

## II.  Analysis

### A.     Plaintiff's Motion to Transfer Venue [#21]

The Court first notes that "[a] motion to transfer venue is not dispositive in nature." *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 7168657, at *2 (D. Colo. Dec. 23, 2019). Therefore, the undersigned has authority to issue an order,

as opposed to a recommendation, on the non-dispositive issue of venue. *See* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

Plaintiff seeks to transfer this case to the District Court for the District of Columbia for four reasons: (1) her claims "involve[] systemic misconduct, violations of federal rights, and widespread agency abuses that extend beyond the jurisdiction of Colorado and are better addressed at the federal level in Washington, D.C."; (2) "ongoing systemic biases, conflicts of interest, and systemic failures" prevent her from having an "impartial trial in Colorado"; (3) she "has incurred significant expenses to bring this case to federal court"; and (4) "federal oversight and protections are more accessible and impartial." *Motion to Transfer Venue* [#21] at 2.

28 U.S.C. § 1404(a) permits a court to transfer a civil action, "for the convenience of parties and witnesses, in the interest of justice" to any other district "where it might have been brought." In exercising its discretion, a court considers various factors, including the plaintiff's choice of forum, the accessibility of evidence and witnesses, advantages and obstacles to a fair trial, whether the transferee court has a less voluminous docket, and the advantage of having a court determine questions of law specific to its locale. *See Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991). While a plaintiff's choice of forum is usually given great weight, *KCJ Corp. v. Kinetic Concepts*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998), courts do not extend that same deference to a plaintiff's later desire to change her choice of forum. *See*, *e.g., Gall v. Home Box Office, Inc.*, No. 92 Civ. 0835 (LBS), 1992 WL 230245, at *6 (S.D.N.Y. Aug. 31, 1992) (denying a pro se litigant's request to transfer to a jurisdiction where the court's local rules might be less confusing).

Here, Plaintiff fails to justify transfer to the U.S. District Court for the District of Columbia. No witnesses or evidence are in that district. Plaintiff does not live there. Both United States District Courts are equally suited to adjudicate alleged violations of federal rights. Plaintiff fails to explain why she believes she cannot have a fair and impartial trial in Colorado. And litigating this case in the U.S. District Court for the District of Columbia will not save Plaintiff money.

Accordingly, Plaintiff's Motion to Transfer [#21] is **denied**.

**B.    Defendants' Motion to Quash [#45], Plaintiff's Motion to Strike [#47], and Plaintiff's Motion for Waiver [#48]**

The Court next addresses Defendants' Motion to Quash [#45]. Defendants ask the Court to quash service of process because service was not made on someone with authority to accept it on behalf of the individual defendants or HCPF, Plaintiff's affidavits of service fail to identify where service purportedly occurred, and Defendants declare that attempted service did not comply with Federal Rule of Civil Procedure 4. *Motion to Quash* [#45] at 1-2. In response, Plaintiff asks the Court to accept the docketed executed Summonses at face value, disregard Defendants' declarations, deem Defendants' arguments waived, and enter default judgment. *Motion to Strike* [#47] at 1-2; *Motion for Waiver* [#48] at 2.

Defendants filed their Motion to Quash [#45] pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) based on failures to comply with Federal Rule of Civil Procedure 4(e)'s service of process procedures. "Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." *Whitsell v. United States*, 198 F.3d 260 (Table), 1999 WL 987355, at *1 (10th Cir. Nov. 1, 1999) (citation omitted). "A Rule 12(b)(4) motion

5

constitutes an objection to the form of process or the content of the summons rather than the method of its delivery," while a Rule 12(b)(5) motion "challenges the mode or lack of delivery of a summons and complaint." *Gallan v. Bloom Bus. Jets, LLC*, 480 F. Supp. 3d 1173, 1178 (D. Colo. 2020) (citations omitted). "Technical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice." *Martinez v. CitiMortgage, Inc.*, 347 F. Supp. 3d 677, 686 (D.N.M. 2018) (quoting *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994)). Without proper service, a court lacks personal jurisdiction over a defendant. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). When insufficient service is curable, courts typically quash service and grant the plaintiff another opportunity to attempt service. *See Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

In opposing a motion under Rules 12(b)(4) and 12(b)(5), the "plaintiff bears the burden of making a prima facie case that [s]he has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Driskell v. Thompson*, No. 12-cv-03107-REB-KLM, 2013 WL 5835114, at *2 (D. Colo. Oct. 30, 2013) (italics omitted). The plaintiff must demonstrate that the procedure employed by her to effectuate service satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure. *Sarnella v. Kuhns*, No. 17-cv-02126-WYD-STV, 2018 WL 1444210, at *1 (D. Colo. Mar. 23, 2018) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)). "The Court may consider affidavits and other documentary evidence in ruling on a Rule 12(b)(5) motion, and all factual disputes must be resolved in the plaintiff's favor." *Burnam v. Weld Cnty. Sheriffs*, No. 23-cv-00151-NYW-NRN, 2024 WL 1051949, at *2 (D. Colo. Mar. 11, 2024). "A signed return of service constitutes prima facie evidence

of valid service 'which can be overcome only by strong and convincing evidence.'"

*Dittimus v. Bond*, No. 12-cv-03010-MSK-KMT, 2013 WL 4496432, at *2 (D. Colo. Aug.

22, 2013) (quoting *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1398 (7th Cir.

1992)); *cf. Conley v. Pryor*, No. 11-3200-DDC-KGS, 2015 WL 413638, at *3 n.1 (D. Kan.

Jan. 30, 2015) (finding fact that an individual was no longer an employee where process

was served constituted strong and convincing evidence).

Here, Plaintiff returned signed Proofs of Service for each defendant, showing that

the Summons and Complaint was served on "Damien". *See Proofs of Service* [#14, #15,

#16, #17]. This constitutes prima facie evidence of valid service. *See Dittimus*, 2013 WL

4496432, at *2. Plaintiff has thus met her burden, and Defendants must set forth "strong

and convincing evidence" to prevail.

Defendants argue that service was ineffective because "there is no 'Damien'

employed by HCPF or CDPHE who is authorized to accept service on behalf of HCPF or

any of the individually named officials." *Motion to Quash* [#45] at 6-7. Defendants also

argue that the Proofs of Service do not identify the "place" of service. *Id*. at 7.

Federal Rule of Civil Procedure 4(e)(2) provides that service on an individual may

be effectuated by "delivering a copy of the summons and of the complaint to the individual

personally:' "leaving a copy of each at the individual's dwelling or usual place of abode

with someone of suitable age and discretion who resides there;" or "delivering a copy of

each to an agent authorized by appointment or by law to receive service of process." FED.

R. CIV. P. 4(e)(2). Rule 4(e)(1) also provides that service may be effectuated by following

state law for service "where the district court is located or where service is made[.]" FED.

R. CIV. P. 4(e)(1).

7

Colorado law applies because this U.S. District Court is in Colorado. Colorado law authorizes service upon a natural person of 18 years of age or older as follows: (1) "by delivering a copy [of the summons and complaint] to the person;" (2) "by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent;" or (3) by delivering a copy to a person authorized by appointment or by law to receive service of process." COLO. R. CIV. P. 4(e)(1).

Service upon "an officer, agent, or employee [of the state] acting in an official capacity" may be effectuated by "delivering a copy thereof to the officer, agent or employee, *and* by delivering a copy to the attorney general." COLO. R. CIV. P. 4(e)(10)(A) (emphasis added). Service upon "a department or agency of the state" may be effectuated by "delivering a copy thereof to the principal office, chief clerk, or other executive employee thereof, *and* by delivering a copy to the attorney general." COLO. R. CIV. P. 4(e)(10)(B) (emphasis added). If service through any of these means cannot be accomplished, a plaintiff may file a motion for substituted service. COLO. R. CIV. P. 4(f)-(g).

Defendants have presented strong and convincing evidence to demonstrate that service was not properly effectuated. Each individual defendant submitted a declaration, declaring under penalty of perjury that "Damien," the individual who accepted service, "is not employed by [HCPF] and is not authorized to accept service on [their] behalf or on behalf of any [HCPF] employees." *Def. Nierenz Decl.* [#45-1]; *Def. Barrons Decl.* [#45-2];

*Def. Marcy Decl.* [#45-3] ¶ 4. Additionally, each individual defendant declares that he or she was not personally served as otherwise permitted under Federal Rule of Civil Procedure 4(e). *Id.* ¶ 5. Another declaration, from a legal assistant/paralegal in HCPF's Legal Division, declares that the Legal Division's service-of-process log contains no documentation that service was accomplished on HCPF or that HCPF received service of process for Defendants Nierenz and Barrons. *J. Blea-Flores Decl.* [#45-4] ¶¶ 2-6. That declaration also notes that HCPF has no authority to accept service on behalf of Defendant Marcy, who is an employee of CDPHE, not HCPF. *Id*. ¶ 10; *see also Def. Marcy Decl.* [#45-3] ¶ 2 (stating that he is a CDPHE employee). Finally, the paralegal's declaration unequivocally states that "[n]o individual named 'Damien' is employed by HCPF[.]" *Id*. ¶ 12.

Though Plaintiff asks the Court to "strike and disregard" these declarations, *Motion to Strike* [#47] at 1, they stand unrebutted. Further, the Court rejects Plaintiff's argument that Defendants "waived any defenses under Federal Rules 12(b)(4) . . . and 12(b)(5)" because they filed their Motion to Quash "after the Answer deadline and without the corresponding timely answer or pre-answer motion." *Motion for Waiver* [#48] at 1. Defendants complied with the Federal Rule of Civil Procedure 12(b), which requires that "[a] motion asserting [insufficient process or insufficient service of process] . . . be made before pleading if a responsive pleading is allowed." Defendants filed their Motion to Quash before they filed any responsive pleading, and no responsive pleading has or will be filed until the defects in service are resolved. Plaintiff incorrectly intimates that Defendants' Motion to Quash is untimely. Service of the summons and complaint triggers

9

the 21-day timeframe in which to answer or otherwise respond to a complaint. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Service failures do not trigger the clock.

Accordingly, the Court finds that Plaintiff's attempted service on Defendants was defective and **recommends** that Defendants' Motion to Quash [#45] be **granted**, but that Plaintiff be granted leave to effectuate proper service on Defendants. The Court further **recommends** that Plaintiff's Motion to Strike [#47] and Motion for Waiver [#48] be **denied**.

## C.    Plaintiff's Petition for Court-Directed Service and Extension [#22]

The Court turns next to Plaintiff's Petition for Court-Directed Service and Extension [#22]. Plaintiff requests that the Court intervene to "directly deliver the summons" on Defendants Barrons and Marcy because this action involves "sensitive and classified information pertaining to Federal government agencies." *Pet. for Court-Directed Service and Extension* [#22] at 1. She further states that "[d]ue to the classified nature of the matter and the sensitivity surrounding the organization and its employees, regular service methods have proven unsuccessful or are deemed inappropriate[.]" *Id*. at 2.

Federal Rule of Civil Procedure 4(c)(3) permits a court, "[a]t the plaintiff's request," to order that the United States Marshal Service ("USMS") accomplish service of process. Whether to order service by the USMS lies within a court's discretion, unless a plaintiff proceeds in forma pauperis under 28 U.S.C. § 1915 or, in other words, is permitted to commence litigation without prepaying the filing fee. A plaintiff "is expected to first seek service by private means whenever feasible rather than impose the burden on the Marshal's Service." *Pittman v. City of Aurora*, No. 21-cv-01793-RMR-NRN, 2021 WL 12227177, at *2 (D. Colo. Sept. 30, 2021) (internal citations and quotation omitted). Courts should refrain from ordering service by the USMS absent necessity. "In short, the

aim is to encourage use of methods that do not involve marshals." *Id.* (quoting Amendments to Federal Rules of Civil Procedure, Advisory Committee Note, 93 F.R.D. 255, 262 (1981)).

Here, Plaintiff paid the filing fee, *see* [#4], so the Court is not required to order service by the USMS. Further, Plaintiff has failed to explain why service by the USMS, a costly and burdensome endeavor, is necessary. Furthermore, Plaintiff fails to substantiate her claim that "sensitive and classified information pertaining to Federal government agencies" necessitates service by the USMS. Nothing has been filed under restriction in this case and, therefore, the public has full access to Plaintiff's filings.

Accordingly, Plaintiff's Petition for Court-Directed Service and Extension [#22] is **denied**.

**D.    Plaintiff's Corrected Motion for Preliminary Injunction [#42], Motion for Preliminary Injunction [#35], and Motion for Equitable Relief [#53]**

The Court next addresses Plaintiff's Corrected Motion for Preliminary Injunction [#42] ("Corrected PI Motion") and Plaintiff's Motion for Equitable Relief [#53]. In these motions, Plaintiff asks the Court for preliminary injunctive relief "to allow [her] business, Residential Care Services (RCS), to resume operations pending the adjudication of [her] case against the Colorado Department of Health Care Policy and Financing." *Corrected PI Motion* [#42] at 4; *Motion for Equitable Relief* [#53] at 1 (asking for "immediate interim equitable relief (TRO)") & 2 (asserting irreparable harm from suspended business and damage to goodwill). She states that "financial strain during this time has been overwhelming" because she is "unable to gain employment in [her] specialized field of over 30 years," following "the unlawful termination of [her] Medicaid provider status[.]" *Corrected PI Motion* [#42] at 4. She asserts that the harm she has suffered is "irreparable"

11

because the "termination of [her] Medicaid provider status has not only impacted [her] ability to operate [her] business but has also led to considerable defamation of [her] professional reputation." *Id*. at 5.

To obtain a preliminary injunction, a party "must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Denver Homeless Out Loud v. Denver*, 32 F.4th 1259, 1277 (10th Cir. 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008)). An injunction cannot be issued unless all factors are satisfied. *See id.* Importantly, "a preliminary injunction is an extraordinary remedy," and one "should not be issued unless the movant's right to relief is clear and unequivocal." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003) (internal quotations omitted).

At the outset, the Court notes that the defects in service are sufficient reason to deny the Corrected PI Motion and the Motion for Equitable Relief. *See* Fed. R. Civ. P. 65(a)(1) (noting that a preliminary injunction may issue "only on notice to the adverse party."). The Court further notes that Plaintiff's asserted damages are not irreparable. Monetary damages are deemed an adequate and appropriate remedy in libel and defamation actions. *See Banks v. Jackson*, No. 20-cv-02074-DDD-KMT, 2020 WL 6870739, at *1 (D. Colo. Oct. 2, 2020); *Tilton v. Cap. Cities/ABC Inc.*, 827 F. Supp. 672, 674 (N.D. Okla. 1993). Additionally, the damages resulting from Plaintiff's inability to operate her business or practice in her specialized field are unquestionably economic. Because the service issues and the lack of irreparable harm are fatal to the Corrected PI

Motion and the Motion for Equitable Relief, the Court need not consider these motions further.

Accordingly, the Court **recommends** that Plaintiff's Corrected PI Motion [#42] and the Motion for Equitable Relief [#53] be **denied**. The Court **orders** that the Motion for Preliminary Motion [#35] is **denied as moot**.

**E.      Plaintiff's Motion for Status Conference [#43] and Plaintiff's Motion for Settlement Conference [#59]**

In her two final motions, Plaintiff asks the Court to "schedule a status conference to address outstanding service-of-process issues and to set a schedule and hearing for Plaintiff's pending motions[.]" *Motion for Status Conference* [#43] at 1. She also asks the Court to schedule a settlement conference to "conserve judicial resources and . . . narrow or resolve the parties' disputes[.]" *Motion for Settlement Conference* [#59].

Both motions are **denied without prejudice**. The Court has addressed Plaintiff's various pending motions. Once the District Judge adjudicates this Recommendation and any objections thereto, Plaintiff will be given another opportunity to effectuate service of process. Once process is served, Defendants will have a deadline to respond to the Complaint [#7]. At this time, both a scheduling conference and a settlement conference are premature.

**F.      Certification Regarding Artificial Intelligence**

Finally, the Court notes that Plaintiff has produced several filings that raise seemingly superfluous points and arguments. For instance, Plaintiff has filed a "Statement of Non-Consent to Admiralty Jurisdiction" [#58], even though no party has raised any argument related to the applicability of admiralty jurisdiction. Going forward, the Court directs Plaintiff to certify whether she has or has not used artificial intelligence in the

course of drafting each of her filings. Plaintiff should also take care to avoid submitting frivolous filings that run the risk of clogging the Court's docket and hampering resolution of this matter. Plaintiff is further encouraged to utilize the programs available to pro se litigants. *See Letter* [#12] at 2-3.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion to Transfer Venue [#21] is **DENIED**.

IT IS FURTHER **ORDERED** that the Petition for Court-Directed Service and Extension [#22] is **DENIED**.

IT IS FURTHER **ORDERED** that the Motion for Status Conference [#43] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that Plaintiff shall be required to include a certification with each of her filings as to whether or not she has used artificial intelligence in drafting said filings.

IT IS FURTHER **ORDERED** that the Motion for Preliminary Injunction [#35] is **DENIED** as moot.

IT IS FURTHER **RECOMMENDED** that the Corrected Motion for Preliminary Injunction [#42] be **DENIED**.

IT IS FURTHER **RECOMMENDED** that the Motion to Quash [#45] be **GRANTED**, that Plaintiff be found to have provided insufficient proof of service as to each Defendant, and that Plaintiff be granted a 30-day extension within which to properly serve Defendants in accordance with the requirements of Fed. R. Civ. P. 4.

IT IS FURTHER **RECOMMENDED** that the Motion to Strike [#47] be **DENIED**.

14

IT IS FURTHER **RECOMMENDED** that the Motion for Waiver [#48] be **DENIED**.

IT IS FURTHER **RECOMMENDED** that the Motion for Equitable Relief [#53] be **DENIED**.

IT IS FURTHER **ORDERED** that the Motion for Settlement Conference [#59] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 2, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

15